UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: _____

THOMAS DAVIS,

     Plaintiff,

vs.

MIAMI-DADE COUNTY, a political
subdivision of the State of Florida,

     Defendant.

_____/

### Complaint for Damages and Injunctive Relief

Plaintiff, Thomas Davis, sues defendant, Miami-Dade County, a political subdivision of the State of Florida,  and shows:

### Introduction

1.     This is an age- and race- discrimination action brought by Thomas Davis, the 61-year-old white Director of Policy and Legislation within Miami-Dade-County's Office of the Commission Auditor who was terminated by the black Commission Auditor, who told him he was "meeting [his] vision" and gave his former duties to a 32-year old black male who reported previously to Mr. Davis. Mr. Davis sues pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII"), the Age Discrimination in Employment Act

**The Amlong Firm** ● 500 Northeast Fourth Street ● Fort Lauderdale, FL  33301 ● 954.462.1983

("ADEA"), 28 U.S.C. § 621, et seq.,  and the Florida Civil Rights Act of 1992,

Chapter 760, Florida Statutes ("FCRA"), for damages, including

compensatory damages, equitable relief, reasonable attorney's fees and

litigation expenses.

## Jurisdiction and Venue

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal

question).  The Court has supplemental jurisdiction of the FCRA claim

pursuant to 28 U.S.C. § 1367 because the FCRA claim is so related to the

federal claims over which the Court has federal-question jurisdiction that

they form part of the same case or controversy under Article III of the

United States Constitution.

3.    Venue is proper in Miami-Dade County, Florida, because the

claims arose there and Miami-Dade County is located there.

## Parties

4.     Plaintiff, Thomas Davis, at all times material was employed by

the Miami-Dade County as Director of Policy and Legislation , and, as such,

was an "employee," "individual," or "aggrieved person" under the Title VII,

the ADEA and the FCRA.  He is protected by Title VII because of his race

(white), the ADEA because of his age (61),  and the FCRA because of his age

and race.

5.    Defendant, Miami-Dade County  ("the County"), is a political

subdivision of the State of Florida. It is, and, at all times material, was an

"employer" as envisioned by 42 U.S.C. § 2000e(b), 29 U.S.C. § 203(d) and

§ 760.02(7), FLA. STAT.

### Satisfaction of conditions precedent

6.      Plaintiff, on or about May 5, 2020, filed a Charge of

Discrimination with the Equal Employment Opportunity Commission

("EEOC"), which by operation of law, was deemed dual filed with the Florida

Commission on Human Relations and sufficient to invoke his rights and

remedies under the FCRA. The Charge alleges, in pertinent part, that:

> **I.  Personal harm**.  I am a 59-year-old white male who was fired as Director of Policy and Legislation within the Office of the Commission Auditor by the Commission Auditor, Adeyinka Majekodunmi, who is black;  my duties were given to my No. 2, Philip Edwards, who is black and 32 years old.
>
> **II. Respondent's reason for personal harm**.  Mr. Majekodunmi told me when he fired me that it was "meeting [his] vision."
>
> **III. Discrimination statement**.  I have suffered discrimination on account of my race and age in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, the Age Discrimination in Employment Act, and the parallel provisoins [sic] of the Florida Civil Rights Act of 1992.

7.      The EEOC issued a Dismissal and Notice of Rights upon request

and because more than 180 days had passed since the filing of the charge.

8.      More than 180 days elapsed from the filing of the Charge of

Discrimination without the Florida Commission on Human Relations either

conciliating the charge or making a no-cause finding against plaintiff.

9.       All other conditions precedent to bringing this action, if any,

have been satisfied, have been waived or would have been futile.

**General Allegations**

10.     In 2017, Plaintiff was selected as the Director of Policy and Legislation for the Miami-Dade County Board of County Commissioners, a position for which he was qualified.

11.     Plaintiff was hired by Defendant in 2017 after his retirement from the United States Air Force Reserve at the rank of Lieutenant-Colonel, following two combat deployments to Afghanistan, earning a Bronze Star Medal.

12.     Plaintiff's hiring process was conducted by County Commissioner Steve Bovo's office and Commissioner Bovo was his initial supervisor until a new Commission Auditor was hired.

13.     Following his initial supervision by Commissioner Bovo, Plaintiff was placed under the administrative control of Miami-Dade County Auditor Cathy Jackson, a black female.

14.     Adeyinka Majekodunmi, a black male, was subsequently hired as the new  Commission Auditor, and Plaintiff began reporting to Mr. Majekodunmi. When Adeyinka Majekodunmi was hired as the new Commission Auditor, Plaintiff was the only white male in a leadership position in the Office of Commission Auditor.

15.     As part of his job duties, Plaintiff supervised a back male employee named Philip Edwards, who was hired by Commissioner Bovo concurrently with Plaintiff in 2017.

16.     During his tenure at Miami-Dade, Plaintiff performed his job duties as he understood them and was never disciplined or counseled for any misconduct or performance issues.  Although he made several requests for an annual evaluation in accordance with County policies, none of his supervisors, including Adeyinka Majekodunmi, ever gave him a formal performance evaluation or rating.

17.     On or about February 21, 2020, Mr. Majekodunmi asked Mr. Davis to come to his office for a meeting that was deceptively calendared as a meeting to discuss his overdue evaluation.  Instead, he summarily fired Mr. Davis without warning, explanation or any opportunity to be heard, telling Mr. Davis that his termination was "meeting [his] vision."

18.     Upon information and belief, following his summary termination, Plaintiff's former duties were given to his subordinate employee, the 32-year old black male, Mr. Edwards.

19.     The conduct of defendant and its agents discriminated against Plaintiff Davis with respect to compensation, terms, conditions, or privileges of employment since there were no legitimate, non-discriminatory reasons for Plaintiff's summary termination and replacement by Mr. Edwards.

### **Count I — Race Discrimination in Violation of the Title VII**

20.     Plaintiff realleges and incorporates in this Count the matters set forth in ¶¶ 1-7, and 9-19.

21.    Title VII of the Civil Rights Act of 1964, as amended, provides in pertinent part, at 42 U.S.C. § 2000e-2(a) as follows:

It shall be an unlawful employment practice for an employer —

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race ...; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race ... .

22.    The treatment to which defendant, through its agents and employees, subjected Mr. Davis was motivated by his race (white), and, thus, constituted race discrimination as proscribed by Title VII.

23.    As a direct, natural, proximate and foreseeable result of the actions of defendant, plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

24.    The race discrimination that plaintiff is suffering, in violation of his statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

25.    Plaintiff is entitled to recover attorney's fees and litigation expenses under 42 U.S.C. § 2000e-5(k).

WHEREFORE, plaintiff, Thomas Davis, prays that this Court will:

**One**, issue a judgment that defendant's practices toward plaintiff violated his rights against race discrimination under Title VII;

**Two**, award judgment against defendant for the back pay and benefits to which plaintiff would have been entitled but for defendant's discriminatory acts;

**Three**, enjoin defendant and its agents from continuing to violate plaintiff's statutory rights under Title VII and to make plaintiff whole through reinstatement, back pay and restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

**Four**, enter a judgment for plaintiff and against defendant for damages, including compensatory damages;

**Five**, grant plaintiff his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k), and

**Six**, grant plaintiff such other and further relief as the circumstances and law provide.

### Count II — Age Discrimination in Violation of the ADEA

26.    Plaintiff realleges and incorporates in this Count the matters set forth in paragraphs ¶¶ 1-7, and 9-19.

27.    The ADEA provides, in pertinent part, at § 623(a) that:

It shall be unlawful for an employer —

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . .

28.    The treatment to which defendant, through its agents and employees, subjected Mr. Davis, was visited upon him  because of his age, and, thus, constituted age discrimination as proscribed by the ADEA.

29.    The age discrimination that plaintiff is suffering, in violation of his rights under the ADEA to be free of such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

30.    Defendant's actions, as more particularly alleged above, constituted violations of the ADEA, which were done willfully and with knowing or reckless disregard of the ADEA's proscriptions.

31.    As a direct, natural, proximate and foreseeable result of the actions of defendant, plaintiff has lost wages and benefits in the past and will suffer additional losses in the future.

32.    Defendant's treatment of plaintiff constituted a willful violation of the ADEA, entitling plaintiff to liquidated damages.

33.    Plaintiff is entitled to recover attorney's fees and litigation expenses under 29 U.S.C. § 626(b).

WHEREFORE, plaintiff, Thomas Davis, prays that this Court will:

**One**, issue a judgment that defendant's practices toward plaintiff violated his rights against age discrimination under the ADEA;

**Two**, award judgment against defendant for the back pay and benefits to which plaintiff would have been entitled but for defendant's discriminatory acts;

***Three***, enjoin defendant and its agents from continuing to violate plaintiff's statutory rights under the ADEA and to make plaintiff whole through reinstatement, back pay and restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

***Four***, enter a judgment for plaintiff and against defendant for damages, including liquidated damages;

***Five***, grant plaintiff his costs and reasonable attorney's fees, and

***Six***, grant plaintiff such other and further relief as the circumstances and law provide.

### Count III — Age Discrimination in Violation of the FCRA

34.    Plaintiff realleges and incorporates in this Count the matters set forth in paragraphs ¶¶ 1-6, and 8-19.

35.    The treatment to which defendant, through its agents and employees, subjected Mr. Davis was based upon his age, and, thus, constituted age discrimination as proscribed by the FCRA.

36.    Section 760.10(1), FLA. STAT., provides in pertinent part:

It is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . age . . . . .

(b) To limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's . . . age . . . .

37.    As a direct, natural, proximate and foreseeable result of the actions of defendant, plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

38.    The discrimination that plaintiff is suffering, in violation of his statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

39.    Plaintiff is entitled to recover attorney's fees and litigation expenses under § 760.11(5), FLA. STAT.

WHEREFORE, plaintiff, Thomas Davis, prays that this Court will:

*One*, issue a declaratory judgment that defendant's practices toward plaintiff violated his rights against age discrimination under the FCRA;

*Two*, award judgment against defendant for the back pay and benefits to which plaintiff would have been entitled but for defendant's discriminatory acts;

*Three*, enjoin defendant and its agents from continuing to violate plaintiff's statutory rights under the FCRA and to make plaintiff whole through reinstatement, back pay and restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter a judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant plaintiff his costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT.; and

*Six*, grant plaintiff such other and further relief as the circumstances and law provide.

### Count IV — Race Discrimination in Violation of the FCRA

40.    Plaintiff realleges and incorporates in this Count the matters set forth in paragraphs ¶¶ 1-6, and 8-19.

41.    The treatment to which defendant, through its agents and employees, subjected Mr. Davis was based upon his race, and, thus, constituted race discrimination as proscribed by the FCRA.

42.    Section 760.10(1), FLA. STAT., provides in pertinent part:

It is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race . . . . .

(b) To limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's race . . . .

43.    As a direct, natural, proximate and foreseeable result of the actions of defendant, plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

44.    The discrimination that plaintiff is suffering, in violation of his statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

45.    Plaintiff is entitled to recover attorney's fees and litigation expenses under § 760.11(5), FLA. STAT.

WHEREFORE, plaintiff, Thomas Davis, prays that this Court will:

**One**, issue a declaratory judgment that defendant's practices toward plaintiff violated his rights against race discrimination under the FCRA;

**Two**, award judgment against defendant for the back pay and benefits to which plaintiff would have been entitled but for defendant's discriminatory acts;

**Three**, enjoin defendant and its agents from continuing to violate plaintiff's statutory rights under the FCRA and to make plaintiff whole through reinstatement, back pay and restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

**Four**, enter a judgment for plaintiff and against defendant for damages, including compensatory damages;

**Five**, grant plaintiff his costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT.; and

**Six**, grant plaintiff such other and further relief as the circumstances and law provide.

## **Demand for Jury Trial**

Plaintiff, Thomas Davis, demands trial by jury on all issues so triable.

.

Respectfully Submitted,

THE AMLONG FIRM
500 N.E.  Fourth St., Suite 1010
Fort Lauderdale, Florida 33301
(954) 462-1983
EService@TheAmlongFirm.com


*/s/ Jennifer Daley*
WILLIAM R. AMLONG
Florida Bar Number 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar Number 275565
KAmlong@TheAmlongFirm.com
JENNIFER DALEY
Florida Bar Number 856436
JDaley@tTheAmlongFirm.com
***Attorneys for Plaintiff,***
***Thomas Davis***

\\amlong3\cpshare\CPWin\HISTORY\220829_0001\17B9.39