United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Thomas Davis, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-23715-Civ-Scola |
| | ) | |
| Miami-Dade County, Defendant. | ) | |

### Order Granting Motion to Dismiss

Plaintiff Thomas Davis, the former Director of Policy and Legislation within Miami-Dade County's Office of the Commission Auditor, complains that the County discriminated against him, as a then 59-year-old, white male, when it terminated his employment and replaced him with his 32-year-old, Black male subordinate. (Am. Compl., ECF No. 18.) In his complaint, Davis sets forth four counts: race-based claims under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act (counts one and three); and age-based claims under the Age Discrimination in Employment Act and the FCRA (counts two and four). (*Id.*) In responding to Davis's complaint, the County urges dismissal, arguing Davis fails to plead sufficient facts to plausibly suggest the County's intentional discrimination under Title VII, the ADEA, or the FCRA. (Def.'s Mot., ECF No. 20.) Davis opposes the motion, insisting he has indeed set forth sufficient facts establishing a plausible claim of the County's age and race discrimination. (Pl.'s Resp., ECF No. 26.) The County has timely replied. (Def.'s Reply, ECF No. 29.) After review, the Court agrees with the County and **grants** its motion (**ECF No. 20**), thus **dismissing** Davis's case.

### 1. Background[1]

At the time he was terminated, in February 2020, Davis was a 59-year-old, white male employed by the County as the Director of Policy and Legislation within the Office of the Commission Auditor. (Compl. ¶¶ 1, 4.) Davis had been hired a few years earlier, in June 2017, and says he was qualified for the position based on his prior career as an Air Force officer. (*Id.* ¶ 10.) While in that position, Davis "performed his job duties as he understood them." (*Id.* ¶ 13.) Although Davis's performance was never formally evaluated, despite his requests for an annual evaluation, he was also never disciplined or counseled for any misconduct or performance issues. (*Id.*)

---

[1] The Court accepts the complaint's *factual* allegations, as set forth below, as true for the purposes of evaluating Davis's motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

In terminating Davis, his supervisor, who is Black, told Davis that he was not meeting the supervisor's "vision." (*Id.* ¶¶ 1, 15.) The County replaced Davis with another County employee: Davis's 32-year-old, Black subordinate, who had been hired at the same time as Davis, in 2017. (*Id.* ¶¶ 1, 16.) Davis notes that he was the only white male in a leadership position in the Office of the Commission Auditor when he was let go. (*Id.* ¶ 12.)

According to Davis, because he was fired "without cause" and replaced by someone who is substantially younger and Black, his termination must have been discriminatory. (*Id.* ¶¶ 18, 24, 30, 36.) Davis filed a charge of discrimination, on May 5, 2020, with the Equal Employment Opportunity Commission, deemed dual filed with the Florida Commission on Human Relations. (*Id.* ¶ 6.) The EEOC issued its dismissal and notice of rights in August 2022 and a few months later Davis initiated this case.

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### 3. Discussion

Davis fails to allege any facts that would allow the Court to draw the reasonable inference that the County intentionally discriminated against him as required to satisfy the elements of his claims under Title VII, the ADEA, or the FCRA.[2] "[C]omplaints alleging discrimination . . . must meet the 'plausibility standard' of *Twombly* and *Iqbal*." *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011). Thus, Davis's complaint must contain "sufficient factual matter" to support a reasonable inference that the County engaged in intentional discrimination against him in terminating his employment. *Henderson*, 436 F. App'x at 937. There are any number of ways Davis can do this, using "either direct evidence or circumstantial evidence to show . . .  discrimination." *Jenkins v. Nell*, 26 F.4th 1243, 1249 (11th Cir. 2022).

Since Davis does not set forth any allegations of direct evidence of discrimination, one way Davis could state his discrimination claims, through circumstantial evidence, is by pleading facts that could establish the County's discrimination through the *McDonnell Douglas* framework. *See Jaffe v. Birmingham Gastroenterology Associates, P.C.*, 2:20-CV-01821-KOB, 2021 WL 4220356, at *2 (N.D. Ala. Sept. 16, 2021) ("[T]he traditional methods of proving Title VII claims remain relevant, as helpful guides to the determination of the issue.") (cleaned up). Under the *McDonnell Douglas* framework, a plaintiff bears the burden of establishing a prima facie case of discrimination by demonstrating (1) membership in a protected group; (2) an adverse employment action; (3) qualification for the job in question; and (4) either replacement by or less favorable treatment than a similarly situated individual outside the plaintiff's protected class. *Jenkins*, 26 F.4th at 1249. Davis has utterly failed to plead facts that would allow the Court to reasonably infer that he satisfies the fourth prong.

As to this fourth prong, Davis "must identify a comparator outside of his protected class who was *similarly situated in all material respects*, yet was treated more favorably under the same circumstances." *Hester v. Univ. of Alabama Birmingham Hosp.*, 798 F. App'x 453, 457 (11th Cir. 2020) (emphasis

---

[2] Davis's allegations of age and race discrimination under the ADEA, Title VII, and the FCRA will all be analyzed together. *See Florida State Univ. v. Sondel*, 685 So. 2d 923, 925 (Fla. 1st DCA 1996) ("The [FCRA], as amended, was patterned after Title VII of the Civil Rights Acts . . . as well as the Age Discrimination in Employment Act . . . . Federal case law interpreting Title VII and the ADEA is applicable to cases arising under the Florida Act."); *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1389 (11th Cir. 1998) ("[D]ecisions construing Title VII guide the analysis of claims under the Florida Civil Rights Act."); *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 309 (1996) (applying title VII analysis to ADEA claim).

in original) (otherwise cleaned up). In opposition to the County's motion, Davis highlights the following facts from his complaint: he was fired; before being terminated, Davis had never been disciplined or counseled; his replacement was his subordinate; the subordinate is Black and nearly thirty years his junior; the supervisor who fired Davis is also Black; Davis was the only white male in a leadership position within his office; and the only reason given for his termination was that Davis was not meeting his supervisor's "vision." (Pl.'s Resp. at 2–3, 6–7.) None of these facts allows the Court to infer that Davis's replacement—though outside of Davis's protected class—was similarly situated in all (or even any) material respects. Simply identifying his replacement's age, race, and date of hiring tells the Court nothing about the replacement's actual qualifications or skills. *See Henderson v. Dade Cnty. Police Benev. Ass'n, Inc.*, 14-20321-CIV-MORENO, 2014 WL 3591600, at *8 (S.D. Fla. July 18, 2014) (Moreno, J.) (dismissing discrimination claims where the plaintiff's conclusory assertions that Hispanic males were promoted to the exclusion of Black women were "without factual support as to how each was similarly-situated in all relevant aspects to the Plaintiff" and, were, therefore, "insufficient"). Unlike one of the cases he relies on, Davis provides no information about his skills, experience, credentials, or education as compared to that of his replacement. *See Parish-Carter v. Avossa*, 9:16-CV-81623, 2017 WL 2720966, at *3 (S.D. Fla. June 23, 2017) (Rosenberg, J.) (finding allegations that the relevant similarly situated employees had "fewer credentials, less experience, and fewer service years than Plaintiff" sufficient to survive dismissal).

Davis does not plead a single fact showing that his putative comparator was similarly situated. Instead, he simply says that his replacement had been his subordinate and had worked at the office for the same amount of time as Davis. This tells the Court nothing about the comparator's actual qualifications compared to Davis's. At bottom, Davis's allegations, at most, are nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and therefore "do not suffice." *Watts v. Ford Motor Co.*, 519 F. App'x 584, 586 (11th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678). While a plaintiff complaining of workplace discrimination need not set forth every detail of his employment or every single instance of the discriminatory conduct he endured, he must nonetheless provide at least *some* "nonconclusory descriptions of specific, discrete facts of the who, what, when, and where variety" that plausibly show he is actually entitled to relief. *Watts*, 519 F. App'x at 587 (quoting *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013)); *see Veale v. Florida Dept. of Health*, 2:13-CV-77-FTM-38UAM, 2013 WL 5703577, at *5 (M.D. Fla. July 29, 2013) (requiring "allegations of specific facts to explain how the disparate treatment occurred"

in order to properly plead discrimination).

Nor do any of Davis's other allegations, taken together, otherwise "present[] a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (cleaned up). A plaintiff may meet this standard by showing, "among other things, (1) suspicious timing, ambiguous statements, and other bits and pieces from which an inference of discriminatory intent might be drawn, (2) systematically better treatment of similarly situated employees, and (3) that the employer's justification is pretextual." *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1185 (11th Cir. 2019) (cleaned up). "The 'convincing mosaic' method of proof can be a fallback for plaintiffs," like Davis, "who fail to allege a similarly situated comparator under *McDonnell Douglas*." *Jaffe*, 2021 WL 4220356, at *4.

Again, Davis's allegations come up glaringly short. In summarily concluding the County acted discriminatorily against him, Davis recounts only that his two supervisors were Black; that the Black supervisor who terminated him told Davis that he didn't meet the supervisor's "vision"; that his replacement was Black and nearly half his age; and that he was the only white male in a leadership position in his office at the time he was terminated. Without more, the Court cannot possibly infer discriminatory intent based on this short list of unremarkable facts. Davis's allegations fall far short of painting a "convincing mosaic" that his termination was motivated by any kind of discrimination against him: it hardly amounts to a mosaic at all, never mind a convincing one. *See Taylor v. Farm Credit of N. Florida, ACA*, 4:20-CV-59-AW-MJF, 2021 WL 5148022, at *5 (N.D. Fla. Oct. 6, 2021) (describing a mosaic, in the context of a discrimination claim, as "compris[ing] many parts which combine to form an overall picture").

Furthermore, Davis's allegation that his supervisor let him go because Davis was not meeting his "vision," actually undercuts his claims of discrimination. To the contrary, it indicates that Davis was terminated for a legitimate and non-discriminatory reason: simply not meeting his supervisor's vision for the office. Again, without more, the Court is unable to discern any discriminatory animus from a boss's terminating a subordinate for not fitting in with his "vision."

To summarize, Davis has failed to plead facts establishing discrimination against him under either the ADEA, Title VII, or the FCRA. Davis himself appears to concede as much by failing to adduce any real opposition to the County's basic argument. *See Lisa, S.A. v. Gutierrez Mayorga*, 240 F. App'x 822, 824 (11th Cir. 2007) ("Failure to raise an issue, objection or theory of

relief in the first instance to the trial court generally is fatal.") (cleaned up); *see also Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 (10th Cir. 2001) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him.") (cleaned up). And, upon review, the Court readily finds that Davis's allegations amount to, at best, nothing more than legal conclusions and formulaic recitations of the elements of discrimination claims. While "these allegations might have survived a motion to dismiss prior to *Twombly* and *Iqbal*[,] now they do not." *Ansley v. Florida, Dept. of Revenue*, 409CV161-RH/WCS, 2009 WL 1973548, at *2 (N.D. Fla. July 8, 2009) (requiring a "plaintiff in an employment-discrimination case [to] allege facts that are either (1) sufficient to support a plausible inference of discrimination, or (2) sufficient to show, or at least support an inference, that he can make out a prima facie case under the familiar burden-shifting framework set forth in *McDonnell*").

### 4. Conclusion

For the foregoing reasons, the Court **grants** the County's motion (**ECF No. 20**), thus **dismissing** Davis's case, **with prejudice**.

Additionally, the Court dismisses Davis's amended complaint **without leave to amend**, denying his cursory request for leave to amend, inserted as an afterthought, in the last sentence of his eight-page response to the County's motion. (Pl.'s Resp. at 8.) The request is both procedurally defective and lacking in any substantive support. First, the request is untimely and Davis fails to supply good cause, or even any cause, that would warrant an extension of the deadline to amend the pleadings. And second, the request is improperly presented, introduced perfunctorily and thoroughly devoid of any legal support. *See Newton v. Duke Energy Florida, LLC,* 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."); *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.") (noting also that "a motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment") (cleaned up). Finally, Davis has already amended his complaint once, in response to the County's first motion dismiss, failing to address his pleading's shortcomings.

The Clerk is directed to **close** this case. Any pending motions are

denied as moot.

      **Done and ordered**, at Miami, Florida, on July 24, 2023.

Robert N. Scola, Jr.
United States District Judge